GARY L. RAINSDON, TRUSTEE
P.O. BOX 506
TWIN FALLS, ID 83303
PHONE: (208) 734-1180
FAX: (208) 734-2783
trustee@filertel.com

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

In Re: ) CHAPTER 7
)
John L. McNatt and )
Amber M. McNatt, ) CASE NO. 20-00170-TLM
)
)
Debtors. )

**Motion for Turnover of Property and Records**

Notice of Motion for Turnover of Property and Records
and Opportunity to Object and for a Hearing

<u>No Objection.</u>  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection</u>.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

<u>Hearing on Objection</u>.  The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

**COMES NOW**, Gary L. Rainsdon, the Trustee in the above-entitled matter and moves this Court pursuant to 11 USC §§ 542 and 521(a)(4), for an order directing the Debtors to surrender the following property and records, to-wit:

1. Copy of most recent statement relating to the 1st mortgage lienholder on current home in McCall, Idaho.

2. Documentation of status of progress in pursuing potential lawsuit between Cascade Pipeline and City of Driggs.

3. Copies for all financial statements/balance sheets, bank account statements, and tax returns for all companies Debtors own or have held an interest in, covering the period of January 1, 2018, to the present.

4. Documentation of all revenue and expenditures for Debtors personally, and all businesses Debtors had any interest in during 2019.

5. Complete copies of 2018 and 2019 tax returns for all companies, in which Debtors held an interest.

6. All documents relating to sale of Kuna house, and details of what Debtors did with money from sale proceeds.

7. Copies of all financial institution statements (all types of financial institutions, including, but not limited to, checking, savings, retirements, credit cards, debit cards, prepaid cards, investments, stocks, bonds, etc.) in which Debtors' names appear, covering the period of September 1, 2019, to the date of filing, with identification of the sources of all deposits and uses of all withdrawals of $500.00 more.

8. Turnover all cashier checks, cash, and/or other instruments Debtors possessed or controlled at the time of the bankruptcy filing.

9. Documentation relating to sale of Meridian property, including, but not limited to, what was owed, and what was done with the money from the sale proceeds, and turnover of all remaining money from sale proceeds.

10. Details of value of Cloud Nine Hair and Salon, assets, and liabilities.

11. Pictures of the two (2) Harley Davidson motorcycles, documentation of actual mileage, copies of titles, copies of insurance coverage, and documentation of all details related those motorcycles.

12. Documentation of actual mileage on 2007 Jeep.

13. Turnover of $900.00 (un-exemptible portion of the $2,500.00, cash on hand identified in schedules).

14. Turnover of $2,729.85, which was the balance in bank account x2558 on the date of filing.

15. Turnover of $60.04, which was the balance in bank account x6923 on the date of filing.

16. Documentation of all money/sale proceeds received by Debtors from sale of all real properties, from time of sales, up to the present, including all details to trace uses of all money.

The Trustee requested the above item(s) at the Meeting of Creditors on April 9, 2020, and through communication with Debtors' attorney on April 14, 2020. The Trustee makes said motion upon the grounds and for the reasons that said property is property of the bankruptcy estate and the Debtors have not provided the requested item(s) to the Trustee.

Dated this: May 7, 2020

                                                   /s/
                                         Gary L. Rainsdon, Trustee

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on May 7, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- Brett R Cahoon    ustp.region18.bs.ecf@usdoj.gov
- Matthew Todd Christensen    mtc@angstman.com, mtcecf@gmail.com;megan@angstman.com;abbie@angstman.com;ecf@angstman.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com
- Kimbell D Gourley    kgourley@idalaw.com, swibright@idalaw.com
- Noah G. Hillen    ngh@hillenlaw.com, dlr@hillenlaw.com;llm@hillenlaw.com;sellassets@ecf.inforuptcy.com;ID14@ecfcbis.com
- Randall A Peterman    rap@givenspursley.com, kad@givenspursley.com;wandawhite@givenspursley.com
- Scott C Powers    scp@scmlaw.com
- Jan D Sokol    jdsokol@lawssl.com, dwright@lawssl.com
- US Trustee    ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non- CM/ECF Registered Participants in the manner indicated:

Via First Class mail, postage prepaid addressed as follows:

John and Amber McNatt
P.O. Box 2366
McCall, ID 83638

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Additionally, a copy of the foregoing was served on the below identified parties, from the mailing matrix obtained by the court website, by first class mail, postage prepaid:

None

Via certified mail, return receipt requested, addressed as follows:

None

By: _____/s/_____
Gary L. Rainsdon, Trustee