Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste. 200
Boise, Idaho 83702
Telephone: (208) 384-8588
Facsimile: (208) 629-2157
Email: mtc@angstman.com

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 20-00170-TLM |
|---|---|
| JOHN L. MCNATT and AMBER M. MCNATT, | Chapter 7 |
| Debtors. | |

# LIMITED OBJECTION TO MOTION FOR TURNOVER OF PROPERTY AND RECORDS

The Debtors, John and Amber McNatt, by and through their counsel of record, ANGSTMAN JOHNSON, object to the Motion for Turnover of Property and Records filed May 7, 2020, (Docket No. 46), as follows:[1]

1.  *Copy of most recent statement relating to the 1st mortgage lienholder on current home in McCall, Idaho.* It is the Debtors' understanding that this document was obtained by the Trustee from the 1st lienholder directly.

2.  *Documentation of status of progress in pursuing potential lawsuit between Cascade Pipeline and City of Driggs.* This is not a lawsuit/claim of the Debtors individually. Rather, it is

---

[1] Italicized terms are the documents/turnover items requested by the Trustee, followed by the Debtors response.

LIMITED OBJECTION TO MOTION FOR TURNOVER OF PROPERTY AND RECORDS – PAGE 1

a claim of their wholly-owned entity, which is a Debtor in a separate Chapter 7 proceeding (Case No. 20-00043-TLM).  The Debtors in this case are unaware of the status of progress in pursuing claims against the City of Driggs – that information must come from the Trustee in the corporate case.

3. *Copies for all financial statements/balance sheets, bank account statements, and tax returns for all companies Debtors own or have held an interest in, covering the period of January 1, 2018, to the present*.  The Debtors objected to this request to the extent it encompasses Cascade Pipeline Corporation – the Debtors do not possess the requested documents for that company.  As for Cloud Nine Hair and Nails Studio and Practical Magic Salon, Inc., the Debtors have produced tax returns and profit and loss statements.

4. *Documentation of all revenue and expenditures for Debtors personally, and all businesses Debtors had any interest in during 2019*.  The Debtors objected to this request to the extent it encompasses Cascade Pipeline Corporation – the Debtors do not possess the requested documents for that company.  As for Cloud Nine Hair and Nails Studio and Practical Magic Salon, Inc., the Debtors have produced tax returns, profit and loss statements and some bank account statements.

5. *Complete copies of 2018 and 2019 tax returns for all companies, in which Debtors held an interest*. The Debtors objected to this request to the extent it encompasses Cascade Pipeline Corporation – the Debtors do not possess the requested documents for that company.  As for Cloud Nine Hair and Nails Studio and Practical Magic Salon, Inc., the Debtors have produced tax returns, profit and loss statements and some bank statements.

6. *All documents relating to sale of Kuna house, and details of what Debtors did with money from sale proceeds*. The Debtors have produced all documents in their possession regarding this request.

7. *Copies of all financial institution statements (all types of financial institutions, including, but not limited to, checking, savings, retirements, credit cards, debit cards, prepaid cards, investments, stocks, bonds, etc.) in which Debtors' names appear, covering the period of September 1, 2019, to the date of filing, with identification of the sources of all deposits and uses of all withdrawals of $500.00 more*. The Debtors objected to this request to the extent it encompasses Cascade Pipeline Corporation – the Debtors do not possess the requested documents for that company. As for Cloud Nine Hair and Nails Studio and Practical Magic Salon, Inc., the Debtors have produced tax returns, profit and loss statements and some bank statements.

8. *Turnover all cashier checks, cash, and/or other instruments Debtors possessed or controlled at the time of the bankruptcy filing*. The cash on hand is addressed under No. 13 below, and the Debtors are unaware of any "other instruments" possessed or controlled at the time of the bankruptcy filing. As far as cashier checks, the Debtors do not possess any cashiers checks.

9. *Documentation relating to sale of Meridian property, including, but not limited to, what was owed, and what was done with the money from the sale proceeds, and turnover of all remaining money from sale proceeds*. The Debtors have provided an accounting of the sale proceeds from the sale of this property, including what was done with the money.

10. *Details of value of Cloud Nine Hair and Salon, assets, and liabilities*. As for Cloud Nine Hair and Nails Studio and Practical Magic Salon, Inc., the Debtors have produced tax returns, profit and loss statements and bank statements.

LIMITED OBJECTION TO MOTION FOR TURNOVER OF PROPERTY AND RECORDS –
PAGE 3

11. *Pictures of the two (2) Harley Davidson motorcycles, documentation of actual mileage, copies of titles, copies of insurance coverage, and documentation of all details related those motorcycles*. The Debtors have provided this information to the Trustee.

12. *Documentation of actual mileage on 2007 Jeep*. The Debtors have provided this information to the Trustee.

13. *Turnover of $900.00 (un-exemptible portion of the $2,500.00, cash on hand identified in schedules)*. The Debtors are in the process of revising their Schedules and Exemption claims for cash on hand, and will turn over whatever non-exempt portion existed on the date of the Petition.

14. *Turnover of $2,729.85, which was the balance in bank account x2558 on the date of filing*. The Debtors are in the process of revising their Schedules and Exemption claims for bank accounts, and will turn over whatever non-exempt portion existed on the date of the Petition.

15. *Turnover of $60.04, which was the balance in bank account x6923 on the date of filing*. The Debtors are in the process of revising their Schedules and Exemption claims for bank accounts, and will turn over whatever non-exempt portion existed on the date of the Petition.

16. *Documentation of all money/sale proceeds received by Debtors from sale of all real properties, from time of sales, up to the present, including all details to trace uses of all money*. To the best of the Debtors knowledge, this information has been provided to the Trustee.

For the foregoing reasons, the Debtors object to the Motion.

DATED this 1st day of June, 2020.

/s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for Debtors

LIMITED OBJECTION TO MOTION FOR TURNOVER OF PROPERTY AND RECORDS –
PAGE 4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June 2020, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Brett R. Cahoon | ustp.region18.bs.ecf@usdoj.gov |
| Matthew T. Christensen | mtc@angstman.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Noah G. Hillen | ngh@hillenlaw.com |
| Randall A. Peterman | rap@givenspursley.com |
| Scott C. Powers | scp@scmlaw.com |
| Gary L. Rainsdon | trustee@filertel.com |
| Jan D. Sokol | jdsokol@lawssl.com |
| United States Trustee | ustp.region18.bs.ecf@usdoj.gov |

Any others as listed on the Court's ECF Notice.

        /s/ Matt Christensen
Matthew T. Christensen